1

2

3

4

5

6

**SULAIMAN LAW GROUP**
Alexander J. Taylor
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com

7

*Attorney for the Plaintiff*

8

9

10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

CHASITY R. SHELLEY,
individually, and on behalf of all
others similarly situated,

14

Plaintiff,

15

16

v.

17

18

MONTEREY FINANCIAL
SERVICES, LLC,

19

20

Defendant.

Case No. **'22 CV 1507 RSH KSC**

**COMPLAINT FOR DAMAGES**

**1. VIOLATIONS OF THE
TELEPHONE CONSUMER
PROTECTION ACT ("TCPA"), 47
U.S.C. § 227 *ET SEQ.***

**2. VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT, 15
U.S.C. §1692 ET SEQ.;**

**DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

## CLASS ACTION COMPLAINT

**NOW COMES** Chasity R. Shelley ("Plaintiff"), individually, and on behalf

of all others similarly situated, through her undersigned counsel, complaining of

Monterey Financial Services, LLC ("Defendant"), as follows:

1

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391b(1) as Defendant is domiciled in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Memphis, Tennessee.

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.      Defendant is a nationally recognized debt collection agency that collects defaulted debts owed to third parties.

10.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

12.     Defendant maintains its principal place of business at 4095 Avenida De La Plata, Oceanside, California 92056.

## FACTUAL ALLEGATIONS

13.     In or around 2017, Plaintiff became a victim of identity theft where her personal information was used without her consent to open credit accounts with outstanding balances ("subject account," or "alleged debt").

14.     Due to the subject account being open without her consent and prior knowledge, the subject account allegedly defaulted due to an alleged outstanding balance.

15.     At some point, Defendant obtained the rights to collect the outstanding subject account after it was allegedly in default.

16.     In or around the first part of the year 2021, Plaintiff started receiving uninvited collection calls from Defendant in an attempt to collect the subject account.

17.     Specifically, Defendant was attempting to collect an alleged outstanding balance owed to Secure Payments Systems, Inc.

18.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4501.

19.     At all times relevant, Plaintiff's number ending in 4501 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

21.     At all times relevant, Plaintiff has *never* had any business relationship with Secure Payments Systems, Inc., or any of its affiliates.

22.      Plaintiff was perplexed why Defendant was calling her because the alleged debt Defendant was attempting to collect did not belong to her. Defendant was attempting to collect an alleged debt owed by another individual who allegedly incurred a financial obligation to the original creditor, Secure Payments Systems, Inc.

23.     Plaintiff *never* provided her telephone number to Secure Payments Systems, Inc., nor Defendant or otherwise expressly consented to Defendant's phone calls.[1]

---

[1] Upon information and belief, Defendant erringly obtained Plaintiff's telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

4

24.   During an answered call in the end of 2021, Plaintiff requested that Defendant cease its collection calls.

25.   Despite Plaintiff's request that Defendant cease its collection calls, Defendant continued to place uninvited collection calls to Plaintiff's cellular phone, including calls from the phone number (877) 775-3091.

26.   In the calls that Plaintiff did not answer, Defendant would leave various prerecorded voicemails ("robocalls") on Plaintiff's cellular, including robocalls stating as  follows:

> "You have received an important message from Monterey. Please press "1" to speak to a live representative. By pressing one, you have acknowledged that you have an account with Monterey… this is an attempt to collect a debt and any information gathered will be used to do so."

27.   From July 2021 through the present, Defendant placed no less than twenty seven (27) pre-recorded robocalls to Plaintiff's cellular phone without Plaintiff's consent and after Plaintiff requested that the collection calls cease.

28.   Defendant's unwanted robocalls  have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted rob calls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

5

29.    Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

30.    Due to Defendant's refusal to honor Plaintiff's request that it cease its invasive collection calls, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

31.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

33.    The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who

properly execute and file a timely request for exclusion from the Putative Class; (5)

the legal representatives, successors or assigns of any such excluded persons; and (6)

persons whose claims against Defendant have been fully and finally adjudicated

and/or released.

**A.     Numerosity**

34.     Upon information and belief, the members of the Putative Class are so

numerous that joinder of them is impracticable.

35.     The exact number of the members of the Putative Class is unknown to

Plaintiff at this time, and can only be determined through targeted discovery.

36.     The members of the Putative Class are ascertainable because the Class

is defined by reference to objective criteria.

37.     The members of the Putative Class are identifiable in that their names,

addresses, and telephone numbers can be identified in business records maintained

by Defendant.

**B.     Commonality and Predominance**

38.     There are many questions of law and fact common to the claims of

Plaintiff and the Putative Class.

39.     Those questions predominate over any questions that may affect

individual members of the Putative Class.

**C.     Typicality**

40.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

41.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

45.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

47.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
(On behalf of Plaintiff and the Members of the Putative Class)

48.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49.     Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than twenty seven (27) non-emergency robocalls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

50.     As pled above, Defendant used an artificial or prerecorded voice, which automatically played upon the call reaching Plaintiff's voicemail.

51.     Defendant did not have consent to place calls to Plaintiff's cellular phone as Plaintiff never provided Defendant with her cellular phone or otherwise consented to Defendant's phone calls.

52.     Upon information and belief, Defendant does not maintain any policies or procedures to ensure compliance with the TCPA.

53.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize productivity and profits at the expense of Plaintiff and the Putative Class.

54.     As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

a.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b.    a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c.    an order enjoining Defendant from placing further violating calls to consumers;

d.    an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
(Plaintiff individually)

55.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56.    Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

57.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

58.     Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

59.     The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

60.     Defendant used the phone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

61.     Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

62.     Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, d(5), e, e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

**a.  Violations of FDCPA § 1692c**

63.     Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff after being notified to cease calling her cellular phone. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive.

1
2
3
4
5

Even after being told to stop contacting her and the alleged debt did not belong to her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belonged to another individual.

6
7
8

64.     As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone.

9
10
11
12

65.     Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

13
14
15
16

66.     Defendant violated § 1692c(a)(1) by placing or causing to be placed at least twenty seven (27) pre-recorded collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

17
18
19
20

67.     In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

21
22
23
24

68.     Moreover, Defendant was notified by Plaintiff that she is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**b. Violations of FDCPA § 1692d**

69.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

70.     Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

71.     Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular telephone using pre-recorded voice technology seeking immediate payment on an alleged debt that did not belong to her. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she did not owe the alleged debt and demanded that the calls cease.

72.     Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

73.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that she no longer wished to be contacted on her cellular telephone.

74.     The fact that Defendant knowingly placed or caused to be placed robocalls to Plaintiff after Plaintiff made a request that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**c.  Violations of FDCPA § 1692e**

75.     Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged subject account. The alleged debt was not owed at the time Defendant demanded payment from Plaintiff as the alleged debt was not accrued by Plaintiff.

76.     Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the alleged debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via a pre-recorded voice system when it never had prior consent to do so in the first place.

77.     Specifically, Plaintiff had no legal obligation to pay the subject debt because she did open the subject account herself.

### d. Violations of FDCPA § 1692f

78.    Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff seeking to collect the alleged debt not owed by Plaintiff. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that she did not legally owe. By placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

79.    Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

80.    As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

81.    Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

82.    As stated above, Plaintiff was severely harmed by Defendant's conduct.

83.     Defendant knew the information it was relaying to Plaintiff was false and misleading, but did so in hopes that the unsophisticated consumer would avoid jumping through additional hoops-and-ladders, submit, and pay an alleged debt that was never owed.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a.      Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.      Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

c.      Enjoin Defendant from further contacting Plaintiff;

d.      Awarding Plaintiff reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

e.      Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date: October 5, 2022

Respectfully submitted,

**CHASITY R. SHELLEY**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
ataylor@sulaimanlaw.com

17